UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON TREVON WHARTON,

    Petitioner,

v.                                            Case No. 1:25-cv-337-AW-MJF

RICKY DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Jason Wharton, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The undersigned concludes that the petition should be dismissed summarily for lack of jurisdiction, because the petition is an unauthorized "second or successive" habeas corpus application.

### WHARTON'S PETITION

Wharton (DC #G04241) is an inmate of the Florida Department of Corrections housed at the Apalachee Correctional Institution. Doc. 1. Wharton is challenging his conviction and life sentence for burglary of a dwelling with a battery, in Alachua County Circuit Court Case No. 2018-CF-4312. Wharton claims that (1) the State's evidence was "misleading

and confusing"; and (2) the prosecutor made improper statements and arguments during trial. *Id*. at 5–7.

Wharton admits, and the Northern District of Florida's records reflect, that Wharton previously filed a § 2254 petition in this District Court challenging the same judgment. Doc. 1 at 4, 12; *see also Wharton v. Sec'y, Dep't of Corr.*, Case No. 1:22-cv-273-AW-HTC.[1] That § 2254 petition was denied on June 5, 2024. *Wharton*, 2024 WL 2852212 (N.D. Fla. June 5, 2024). Wharton now seeks to challenge the same judgment again.

## DISCUSSION

"Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2019) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court

---

[1] A court may take judicial notice of its own records. *See* Fed. R. Evid. 201; *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (district court lacked jurisdiction to entertain petitioner's second habeas corpus petition because petitioner failed to obtain order from court of appeals authorizing it); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Wharton's present § 2254 petition is a "second or successive" habeas corpus application. Wharton does not allege, nor does the record reflect, that Wharton obtained the Eleventh Circuit's authorization to file this petition. Wharton's failure to receive the requisite authorization before filing his present habeas petition operates as a jurisdictional bar that requires dismissal of this case. *See Burton*, 549 U.S. at 152.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** Wharton's § 2254 petition without prejudice for lack of jurisdiction.

2. **DIRECT** the clerk of court to close this case file.

At Panama City, Florida, this 24th day of October, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**